IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GURLEY E. GLENN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19-cv-1066 |
| ) | |
| METECH RECYCLING INC.; ) | |
| REX CHANG, President, and ) | |
| ROBERT LAUGHLIN, Vice-President, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge

Plaintiff Gurley E. Glenn brings this action against his former employer and two of its executives ("Defendants") alleging a host of violations, mainly sounding in employment discrimination. (ECF Nos. 2, 3.) Before the Court are Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 19), and Plaintiff's Motion to Stay Prosecution, (ECF No. 23). For the reasons that follow, Plaintiff's motion to stay will be denied, and Defendants' motion to dismiss will be granted.

**I.      BACKGROUND**

Plaintiff, proceeding *pro se*, filed his complaint on October 17, 2019 and, on the same day, filed a separate document that he calls a petition to "amend and supplement" his complaint. (ECF Nos. 2, 3.) As these documents were filed on the same day, as Plaintiff is *pro se*, and as Defendants have not objected to consideration of Plaintiff's "amendment and

supplement," the Court will construe the complaint and the amendment and supplement as a single, unified complaint.

According to Plaintiff, he is a former employee of Metech Recycling Inc. ("Metech"), a "post consumer electronics recycling business." (ECF No. 2 at 1–2.) Metech is headquartered in California and operates a warehouse in Granville County, North Carolina.[1] (*See id.* at 1.) Plaintiff was employed by Metech from July 13, 2011 through February 21, 2014.[2] (*See* ECF No. 14 at 3.)

Though Plaintiff sets forth a number of claims in his complaint, the most developed allegation appears to be that he was subjected to a campaign of peer-on-peer harassment by his co-workers, Rufino Calderon and Chinedau Nnani, and by a company foreman, Carlos Valasques. (*See* ECF No. 3 at 2.) According to Plaintiff, this harassment began after Plaintiff rebuked Valasques for kicking Spanish-speaking employees who could not easily report this abuse due to his limited English proficiency. (*See id.*) Following this incident, Valasques "isolated" Plaintiff by assigning him the "repetitive" task of "packaging and labeling computer hard drives." (*See id.*) Calderon, Nnani, and Valasques also harassed Plaintiff for standing up to Valasques by calling him a "rat" or "ratton." (*See id.*) In addition, the complaint alleges that the men sexually harassed Plaintiff by making lewd and disparaging remarks about him. (ECF Nos. 2 at 3; 3 at 2.)

---

[1] Though Granville County is located in the Eastern District of North Carolina, Defendants have not argued that venue is improper in this case.

[2] The Court draws these dates from Plaintiff's Motion for Default Judgment, (ECF No. 14), which the Clerk of Court denied on December 26, 2019, (ECF No. 15). The Court takes judicial notice of Plaintiff's Motion for Default Judgment, a public record, and therefore considers it on this Motion to Dismiss. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff has also alleged that Andrew McManus, Metech's chief operator in North Carolina, was "out to get" him due to McManus's belief that Plaintiff was a messy worker and a possible thief. (*See* ECF No. 2 at 2.) As a result, Plaintiff was often "'pulled off' from doing one task to perform another." (*Id.*) Plaintiff asserts that no other employee was forced to multi-task in this manner and that this disparate treatment "may have been done in hope of inducing Plaintiff to quit." (*Id.*)

Further, Plaintiff alleges that he was (1) "subjected to antagonistic interactions of animosity for attempting to offer options for remedy[ing] substandard heat" during the winter of 2014; (2) "retaliated against for not accepting a proposed non-matching investment portfolio or 40l-k retirement plan"; (3) denied overtime pay for "two and one quarter years"; and (4) denied seventeen weeks of Family and Medical Leave Act ("FMLA") benefits. (*See* ECF No. 3 at 1–2.) Plaintiff appears to also allege that Defendants played a role in his involuntary admission to Duke University Hospital, though this allegation is particularly unclear. (*See id.* at 2.)

Finally, under the heading "Allegation For Jurisdiction," Plaintiff's complaint lists the following constitutional provisions and statutes, though he does not clearly link the factual allegations in his complaint to these referenced provisions: Section Two of Article Four of the United States Constitution; the First, Fourth, Fifth, Seventh, Ninth, Tenth, and Fourteenth Amendments to the Constitution; the Labor Management Relations Act of 1947 ("LMRA"); the Rehabilitation Act of 1973; 42 U.S.C. § 1981; the Civil Rights Act of 1991; the FMLA; the Fair Labor Standards Act of 1938 ("FLSA"); North Carolina's Wage and Hour Act

("NCWHA"); Title VII of the Civil Rights Act of 1964; and 42 U.S.C. § 1983.[3]  (ECF No. 2 at 1–2.)

Defendants filed their motion to dismiss pursuant to Rule 12(b)(6) on February 3, 2020 and Plaintiff filed his motion to stay prosecution of this action on March 24, 2020.  (ECF Nos. 19; 23.)

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).  However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).  Further, "[w]hile a *pro se* litigant's pleadings are liberally construed, a *pro se* complaint must still contain sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir.

---

[3] Plaintiff also references several provisions of the United State Constitution and the U.S. Code related to the jurisdiction of the federal courts.  (*See* ECF No. 2 at 2 (mentioning Article III and 28 U.S.C. §§ 1331, 1343).)  In addition, Plaintiff mentions 42 U.S.C. § 1988, (*id.*), which authorizes "an award of 'costs' in civil rights litigation," *see, e.g.*, 42 U.S.C. § 1988(b); *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019).

4

2013) (citation and quotations omitted). Moreover, "[t]he statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion." *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013).

The Court will now consider the parties' respective motions and will first consider Plaintiff's motion to stay the prosecution of this action.

### III. MOTION TO STAY PROSECUTION

This Court "has the inherent power to stay proceedings to achieve equity and to ensure the efficient management of its docket." *John and Jane Doe 2 v. Ortho-Clinical Diagnostics, Inc.*, 335 F. Supp. 2d 614, 633 (M.D.N.C. 2004) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). Though such motions are subject to the Court's discretion, this power is not unbounded. *Williford*, 715 F.2d at 127. Proper use of this authority requires the court to exercise its judgment "to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Courts have identified these various factors as: (1) "the interests of judicial economy," (2) the "hardship and equity to the moving party" in the absence of a stay, and (3) the "potential prejudice to the non-moving party" in the event of a stay. *See, e.g.*, *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013). The burden rests on the party seeking the stay to "justify it by clear and convincing circumstances outweighing potential harm" to the opposing party. *Williford*, 715 F.2d at 127.

In this case, after Defendants filed their motion to dismiss on February 3, 2020, (ECF No. 19), the Clerk of Court sent Plaintiff a Roseboro Letter informing him that a failure to file

5

a timely response to Defendants' motion would likely result in his case being dismissed or in summary judgment for the Defendants, (ECF No. 21). After Plaintiff failed to file a timely response, the Clerk of Court sent Plaintiff a second letter, this one dated March 4, 2020. (ECF No. 22.) This letter informed Plaintiff that Defendants' motion would be referred to the Court as an unopposed motion on March 20, unless Plaintiff first filed a proposed response and explained why his neglect was excusable. (*Id.*) This deadline came and went with no response from Plaintiff. Further, as the Clerk's letter warned Plaintiff, Defendants' Motion to Dismiss was submitted to the Court on March 20, 2020 as an unopposed motion. Then, on March 24, Plaintiff filed his Motion to Stay Prosecution, asking the Court "to stay prosecution of [this] action for [ninety] days from the 16th day of March 2020." (ECF No. 23 at 1.) As the basis for his motion, Plaintiff offers his desire to "curtail any greater fraud and abuse of discretion upon this Honorable Court by returning for provident judicial review of actions by the United States District Court for the Eastern District of North Carolina, being in response to the [Defendants'] 'Motion to Dismiss' dated the 3rd day of February 2020, wherein time to respond incurred acts of God." (*Id.*) Plaintiff also stated that he had "incurred [a] retaliatory untimely eviction from his residence that resulted in interference" with his ability to exercise due diligence in the prosecution of this action.[4] (*Id.* at 2.)

To better understand Plaintiff's reference to "actions by the United States District Court for the Eastern District of North Carolina," the Court provides the following procedural history leading to the instant litigation. On August 4, 2016, Plaintiff brought a related lawsuit

---

[4] Plaintiff's briefing in support of his motion to stay also appears to mention his trouble accessing the internet and the COVID-19 pandemic as reasons for staying prosecution. (*See* ECF No. 25 at 2.)

6

in the United States District Court for the Eastern District of North Carolina ("the E.D.N.C. suit").[5] (*See* E.D.N.C. ECF No. 3.) Plaintiff's claims in the E.D.N.C. suit were substantially the same as the ones he now brings in this lawsuit, though he brought them against different executives than the ones he now seeks to sue. (*See id.*) On February 27, 2017, the court dismissed the E.D.N.C. suit without prejudice after Plaintiff failed to properly serve the E.D.N.C. Defendants. (E.D.N.C. ECF No. 15.) Three months later, Plaintiff filed motions seeking an entry of default judgment against the E.D.N.C. Defendants and a judicial conference with the Chief Judge of the Eastern District. (*See* E.D.N.C. ECF Nos. 17, 18.) The court denied these motions as moot, noting that the action was "long closed." (E.D.N.C. Text Order, June 22, 2017.) Plaintiff then appealed this denial to the Fourth Circuit. *See Glenn v. Metech Recycling, Inc.*, 700 F. App'x 265 (4th Cir. 2017). On October 19, 2017, the Fourth Circuit dismissed Plaintiff's appeal as untimely. *Id.* On August 1, 2019, after a pause of nearly two years, Plaintiff attempted to restart the E.D.N.C. suit by filing a renewed request for a judicial conference with the Chief Judge of the Eastern District. (*See* E.D.N.C. ECF No. 27 at 2.) The Court issued a text order the same day that once again denied this request as moot. (E.D.N.C. Text Order, August 1, 2019.) The E.D.N.C. suit then appeared to come to an end. However, just days ago, on June 15, 2020, Plaintiff began a renewed effort to appeal the Eastern District's August 1, 2019 order denying his request for a judicial conference. (*See* E.D.N.C. ECF Nos. 30–31.) Thus, Plaintiff's efforts to resume the E.D.N.C. suit appear to be ongoing.

---

[5] The E.D.N.C. suit is docketed as 5:16-cv-00697-FL. For convenience, the Court will cite to filings in that case as "E.D.N.C. ECF No. ___." The Court takes judicial notice of Plaintiff's filings in the E.D.N.C. suit and therefore considers them on this Motion to Dismiss. *See Philips*, 572 F.3d at 180.

7

This tortured history of Plaintiff's litigation in the Eastern District, along with the Court's determination (discussed below) that it must dismiss Plaintiff's claims as barred by statutes of limitations and for failure to state a claim, leads this Court to conclude that granting Plaintiff's motion would be futile. A stay would only temporarily delay dismissal and so would not provide Plaintiff with any positive relief. Moreover, as more than ninety days have elapsed since March 24, 2020, the day on which Plaintiff filed his motion to stay, Plaintiff has effectively received the relief he requested. Despite having had more additional time to respond than requested, Plaintiff has failed to file a response to Defendants' motion in this action. Accordingly, Plaintiff's motion to stay will be denied. The Court will next address Defendants' Motion to Dismiss.

## IV. MOTION TO DISMISS

While it is "not the job of the court to become an advocate for a non-responding party," the Court cannot simply grant Defendants' Motion to Dismiss based on Plaintiff's failure to respond to it. *See Siler v. Lejarza*, 415 F. Supp. 3d 687, 697–98 (M.D.N.C. 2019). Rather, the Court must now independently determine whether Defendants' are entitled to judgment as a matter of law irrespective of Plaintiff's failure to respond. *See id.*

Defendants argue that Plaintiff's claims should be dismissed because they are barred by the applicable statute of limitations and that even if the claims are deemed timely, they should be dismissed because Plaintiff has failed to sufficiently plead claims upon which relief can be granted. (ECF No. 20 at 1.) Further, Defendants argue that Defendants Chang and Laughlin should be dismissed because the complaint fails to include allegations that these defendants played any part in Plaintiff's employment or termination. (*Id.* at 2.)

8

The Court agrees that Plaintiff has failed to plead adequate facts to support many of his claims. First, to the extent Plaintiff intends to bring any constitutional claims, he has not pled any facts supporting those claims. (*See* ECF Nos. 2, 3.) For example, Plaintiff has not alleged that any government infringed upon his right to worship, speak, or assemble in violation of the First Amendment. Nor has Plaintiff alleged any facts showing an unreasonable search and seizure in violation of the Fourth Amendment or federal action in violation of the Fifth Amendment. Accordingly, Plaintiff's constitutional claims are not plausible and must be dismissed. Second, Plaintiff's LMRA claim fails as that statute regulates organized labor and Plaintiff alleges no union-related facts. *See* 29 U.S.C. § 185. Third, Plaintiff's Rehabilitation Act claim fails as he has not pled any facts from which the Court could conclude that he is disabled and that he was discriminated against on the basis of his disability by a program or activity receiving federal funds. *See* 29 U.S.C. § 794(a).

Plaintiff's remaining claims fail to state a claim upon which relief can be granted as Plaintiff filed this lawsuit well beyond the deadline imposed by the relevant statutes of limitations. First, Plaintiff's complaint references 42 U.S.C. § 1981. (ECF No. 2 at 2.) "Section 1981 guarantees to all persons in the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1017 (4th Cir. 1999) (quoting 42 U.S.C. § 1981). The statute of limitations under § 1981 for race discrimination claims is four years. *See Tabb v. Bd. of Educ. of Durham Pub. Sch.*, No. 1:17CV730, 2019 WL 688655, at *3 (M.D.N.C. Feb. 19, 2019) (citing 28 U.S.C. § 1658). Plaintiff was fired on February 21, 2014, thus he needed to file his lawsuit by February 21,

9

2018.  As discussed above, Plaintiff filed his complaint on October 17, 2019.  Accordingly, his § 1981 claim fails.

The same holds true for Plaintiff's Civil Rights Act of 1991 claim.  (ECF No. 2 at 2.)  While it is not at all clear which provision of that act, if any, Plaintiff intends to sue under, any claim "made possible by a post-1990 enactment" is subject to the four-year catch-all statute of limitations Congress enacted as 28 U.S.C. § 1658(a).  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues.").  Thus, to the extent the Civil Rights Act of 1991 makes one of Plaintiff's claims possible, that claim fails as Plaintiff waited too long to file this suit.

Next, Plaintiff's complaint mentions the FMLA, FLSA, and NCWHA, N.C. Gen. Stat. § 95-25.1 (ECF No. 2 at 2.)  An FMLA claim must be brought within two years—three if the plaintiff alleges a willful violation.  29 U.S.C. § 2617(c).  The same two-year timeline with a year extension for willful conduct applies to the FLSA.  29 U.S.C. § 255(a).  Likewise, an NCWHA claim "must be brought within two years."  N.C. Gen. Stat. § 95-25.22(f).  Accordingly, all three claims fail.

Plaintiff's Title VII claim is also barred.  (*See* ECF No. 2 at 2.)  Generally, a Title VII plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of when "the alleged unlawful employment practice occurred."  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104–05 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)).  Once plaintiffs receive their "right-to-sue" letter from the EEOC, they have ninety days to file

10

suit. *Quinn v. Copart of Conn., Inc.*, 791 F. App'x 393, 395 (4th Cir. 2019). "It is well settled that a Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his claims." *Id.* Here, Plaintiff has not alleged that he filed a charge with the EEOC at all, much less within 180 days of his termination, and has not alleged that he filed this suit within 90 days of receiving his right-to-sue letter. Thus, Plaintiff's Title VII claim fails.

Finally, Plaintiff's complaint mentions 42 U.S.C. § 1983. (ECF No. 2 at 2.) Section 1983 states that "[e]very person who, under color of [state law] . . . subjects . . . any citizen . . . or other person . . . to the depravation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Section 1983 "borrow[s] the state's general personal injury limitations period." *Manion v. N.C. Med. Bd.*, 693 F. App'x 178, 182 (4th Cir. 2017) (per curiam) (quoting *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999)). "North Carolina's statute of limitations in personal injury cases runs three years after the claimant's harm 'becomes apparent or ought reasonably to have become apparent to the claimant.'" *Id.* (quoting N.C. Gen. Stat. § 1-52(16)). Thus, Plaintiff had three years from the date of his injury—unclear though it is what exactly that injury was—to file his claim. As this injury could have become apparent to Plaintiff no later than his date of termination, this claim likewise fails.

In conclusion, while Plaintiff appears to have alleged many claims, all are subject to dismissal under Rule 12(b)(6) as they are either too bare-bones to be plausible or are barred by the relevant statute of limitations. In truth, many claims fail for both reasons.

For the reasons stated above, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Prosecution, (ECF No. 23), is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, (ECF No. 19), is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This, the 1st day of July 2020.

/s/ Loretta C. Biggs
United States District Judge